IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CV-287-FL

| | | |
|---|---|---|
| VERNICE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| WEYERHAEUSER NR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for summary judgment, (DE 13), and plaintiff's motion to remand this action to the General Court of Justice, District Court division, for Pitt County North Carolina. (DE 20-1). The issues presented are ripe for ruling. For the reasons that follow, defendant's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action in state court November 19, 2016, seeking damages under state and federal law arising from a forklift injury in 2009 that allegedly aggravated plaintiff's preexisting back problems. Plaintiff allegedly sustained this injury in the course of her employment with defendant. Defendant removed the action to this court December 15, 2016, based upon federal question and diversity jurisdiction.

Plaintiff initiated prior action asserting similar causes of action in the General Court of Justice, Superior Court Division, for Wake County on March 19, 2014. Bell v. Weyerhaeuser NR, Co., No. 14-CVS-3649 (N.C. Super. Ct. Mar. 19, 2014) ("Bell I"). Before that case was resolved,

on November 18, 2014, plaintiff filed another, similar action in the same court. Bell v. Weyerhaeuser NR, Co., No. 14-CVS-15502 (N.C. Super. Ct. Nov. 18, 2014) ("Bell II").

In Bell I, defendant moved to dismiss pursuant to Rules 12(b)(4) and (b)(5) of the North Carolina Rules of Civil Procedure for insufficiency of process and insufficiency of service of process. Defendant also argued that plaintiff's claims were barred by the three year statute of limitations. The record taken into this proceeding reveals that Bell I was dismissed with prejudice. See Bell I, No. 14-CVS-3649 (N.C. Super. Ct. Dec. 1, 2014). Bell II was removed to this court January 13, 2015. That case was disposed of on summary judgment granted April 29, 2015, in defendant's favor as to all claims on the ground that plaintiff's claims were time-barred under the applicable statute of limitations. See Bell II, No. 5:14-CV-18-FL, 2015 WL 1944917, at *1, *4 (E.D.N.C. Apr. 29, 2015); appeal dismissed, 625 Fed. Appx. 203 (mem) (4th Cir. 2015).

In this case, standing as Bell III, defendant filed the instant motion January 25, 2017, seeking summary judgment on grounds that plaintiff's claims are barred by the doctrine of res judicata, the exclusivity provision of the North Carolina Worker's Compensation Act, N.C. Gen. Stat. § 97-10.1 ("Worker's Compensation Act"), and the applicable statute of limitations. N.C. Gen. Stat. § 1-52. Additionally, defendant seeks summary judgment to the extent plaintiff's claims arise under the Employee Retirement and Income Security Act of 1974, 29 U.S.C. § 1001, et. seq, ("ERISA"), on the ground that defendant is not a proper party to action of that nature.

In support of its motion, defendant relies upon the state court files, this court's prior order granting summary judgment in Bell II, and the affidavit of James R. Jacobsen, who is an employee of defendant with knowledge of plaintiff's prior worker's compensation claims and defendant's employee benefits plan.

2

On March 28, 2017, defendant gave notice that it received a facsimile transmittal ("fax) in which plaintiff attempted to respond to defendant's motion for summary judgment. (DE 19). Although plaintiff failed to file her response with the court as required by the rules, defendant submitted a copy of the fax to this court. Plaintiff's transmittal also sounds as a motion to remand this action to the General Court of Justice, District Court Division, for Pitt County North Carolina. Defendant's notice alerting the court to plaintiff's motion includes response to the motion.

**STATEMENT OF UNDISPUTED FACTS**

Plaintiff is a resident of Plymouth, North Carolina. Defendant is a Washington corporation with its principal place of business in Washington. Plaintiff formerly was defendant's employee, and plaintiff's separation occurred no later than August 29, 2011. Order dismissing Bell I for insufficient process and insufficient service of process, reads "[p]laintiff's claims for relief and this action are hereby dismissed with prejudice." No. 14-CVS-3649 (N.C. Super. Ct. Dec. 1, 2014). This court's order granting summary judgment in Bell II, dated April 29, 2015, reads "defendant's motion for summary judgment . . . is ALLOWED." Bell II, No. 5:14-CV-18-FL, 2015 WL 1944917, at *4 . Summary judgment in Bell II embraces all claims presented in that action. (See id.).

Complaints in Bell I and II are identical. Compare Bell I, No. 14-CVS-3649 (N.C. Super. Ct. Mar. 19, 2014) (complaint asserting cause of action based upon 2009 forklift injury), Bell II, No. 14-CVS-15502 (N.C. Super. Ct. Nov. 18, 2014) (same). Complaint in this action paraphrases prior complaints in more concise form. (See DE 1-2).

**DISCUSSION**

A.   Motion to Remand

A civil action which is brought in state court, but over which federal courts have original

jurisdiction, may be removed by a defendant to the federal district court embracing the place where the action is pending. 28 U.S.C. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

28 U.S.C. § 1331 confers original jurisdiction upon the federal district courts to adjudicate claims "arising under" federal law. 28 U.S.C. § 1332 confers original jurisdiction upon the federal district court to adjudicate civil actions "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States[.]" Finally, 28 U.S.C. § 1367 permits federal district courts to exercise supplemental jurisdiction over state law claims that arise from a "common nucleus of operative fact" shared with any federal claim presented in the same civil action. United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

In the instant matter, plaintiff's claim for relief pertaining to "long term disability insurance[,]" (DE 1-2 at 2), which claim is triggered by plaintiff's 2009 forklift injury, arises under ERISA. See 29 U.S.C. § 1132 (authorizing private civil action to enforce terms of an employee benefits plan). Accordingly, the court has federal question jurisdiction to adjudicate plaintiff's ERISA claim, see 28 U.S.C. § 1331, and supplemental jurisdiction to adjudicate plaintiff's state law claims each of which arises from the same 2009 forklift injury. See 28 U.S.C. § 1367. In addition, the court has diversity jurisdiction to adjudicate plaintiff's state law claims where the parties are citizens of different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

4

Based upon the foregoing, the court has jurisdiction to adjudicate the instant matter. Additionally, where defendant's notice of removal was timely filed, see 28 U.S.C. 1446(b) (setting deadline to notice removal 30 days after service of copy of complaint); (DE 1-1 (service returned November 16, 2016); DE 1 (removal noticed December 15, 2016)), defendant has met its burden to establish that removal is proper. See Mulcahey, 29 F.3d at 151. Therefore, plaintiff's motion to remand is denied.

B.  Res Judicata

To determine whether an earlier federal judgment bars a claim asserted in a later action on the basis of res judicata, the court considers whether:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).

Generally, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." Id. at 473. Res judicata bars available claims "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). This includes "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[f]or purposes of [res judicata], it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996).

Plaintiff's claims in this matter are res judicata barred; therefore, the action must be

dismissed. Specifically, plaintiff's claims rest upon the same factual allegations constituting the basis for Bell I and Bell II, that is, a forklift injury occurring in 2009 during the course of plaintiff's employment by defendant. Therefore, this action arises out of the "same transaction or series of transactions [and] the same core of operative facts" that formed the basis of plaintiff's prior lawsuits. See Grausz, 321 F.3d at 472. Thus, dismissal based upon res judicata is proper.

Where plaintiff's claims are res judicata barred, the court need not reach defendant's additional defenses under the statute of limitations, the Worker's Compensation Act, or ERISA.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action to the General Court of Justice, District Court division, for Pitt County North Carolina (DE 20-1) is DENIED. Defendant's motion for summary judgment (DE 13) is GRANTED, and the case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 13th day of July, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge