IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CV-287-FL

| | | |
|---|---|---|
| VERNICE BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WEYERHAEUSER NR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The matter is before the court on plaintiff's letter motion, (DE 23), made pursuant to Federal Rule of Civil Procedure 60(b) received July 26, 2017, wherein plaintiff asserts that the court's entry of summary judgment on July 13, 2017, (DE 21), was in error. Defendant responded in opposition. It urges the court to schedule a hearing to discuss with plaintiff finality of this court's summary judgment order. (DE 27). The court dispenses with any hearing. For reasons that follow, plaintiff's motion is denied. Plaintiff is noticed herein that the court is considering entering a pre-filing injunction forbidding plaintiff from filing any suit against defendant which involves claims related to, or arising out of her 2009 forklift injury, including all matters addressed in any prior North Carolina case, state or federal, without leave of court.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action under state and federal law seeking damages arising from a forklift injury in 2009 allegedly sustained in the scope of her employment with defendant. The court granted summary judgment in favor of defendant as to all claims July 13, 2017, and directed the clerk to close the case. (DE 21). Summary judgment issued on the basis of

res judicata where plaintiff's claims twice previously were dismissed with prejudice in prior actions. Plaintiff's first prior case, litigated in the General Court of Justice, Superior Court Division for Wake County, North Carolina, was dismissed with prejudice pursuant to Rules 12(b)(4) and 12(b)(5) of the North Carolina Rules of Civil Procedure for insufficiency of process and insufficiency of service of process. Bell v. Weyerhaeuser NR, Co. ("Bell I"), No. 14-CVS-3649 (N.C. Super. Ct. Dec. 1, 2014); see (DE 16-2 at 81). Plaintiff's second case, filed in the same court prior to the close of Bell I and removed to this court, concluded upon summary judgment granted April 29, 2015, in defendant's favor as to all claims on the ground that plaintiff's claims were time-barred under the applicable statute of limitations. Bell v. Weyerhauser NR, Co. ("Bell II"), No. 14-CVS-15502 (N.C. Super. Ct. Nov. 18, 2014); see Bell II, No. 5:15-CV-18-FL, 2015 WL 1944917, at *1 (E.D.N.C. April 29, 2015). In support of her motion, plaintiff directs the court's attention to a document, which appears to constitute a partial record of Bell I. The document appears as follows:

```
Courtroom 10A   11/12/14
Judge: Young
Clerk: Teresa Fuller

Motions

14cvs2939
NC State Bar
v.
Leon Coxe
Motion for Default Judgment-Allowed/Order signed

14cvs3767
Wells Fargo Bank
v.
Colony Homes, et al
Motion for Default Judgment-Allowed/Order signed

14cvs6065
NC State Bar
v.
Don Neill
Motion for Default Judgment-Allowed/Order signed

11/12/2014  3:30:24 PM - Start Recording
11/12/2014  4:09:03 PM - 14cvs3649: Vernice Bell v. Weyerhauser Co
11/12/2014  4:11:17 PM - Defendant's Motion to Dismiss for Insufficiency of
                         Service of Process-Allowed/Defendant to prepare Order
11/12/2014  4:46:15 PM - Pause
11/12/2014  4:46:30 PM - Resume
11/12/2014  4:46:54 PM - Stop Recording
```

(DE 23 at 3).

Plaintiff's transmission includes also a hand-annotated partial copy of this court's summary judgment order. (Id. at 4–5). In addition, plaintiff has lodged separately on the docket a set of documents pertinent to her underlying claims, (DE 26), and a charge of discrimination filed by plaintiff before the Equal Employment Opportunity Commission, dated November 14, 2009. (DE 28). Finally, plaintiff filed with the court a letter indicating that plaintiff possesses additional documents pertinent to her underlying claims and purporting to clarify that plaintiff first initiated complaints against defendant with various government entities as early as 2005. (DE 29).

**COURT'S DISCUSSION**

A.   Motion for Relief from Final Judgment

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union, 1 F.3d at 266.

Plaintiff's letter suggests that documents attached to her facsimile transmission should be interpreted to demonstrate that Bell I was not dismissed with prejudice and that disposition of this action based upon res judicata was, therefore, unwarranted. (Id. at 2 ("I would also like to make the courts aware that the case mentioned in several paragraphs of this supposal [sic] dismissal with prejudice is an' untruth'. [sic]")). However, plaintiff's submission only further confirms this court's earlier conclusion that defendant's motion to dismiss Bell I was allowed and the case was dismissed with prejudice where it states "14CVS3649: Vernice Bell v. Weyerhauser Co . . . Defendant's Motion to Dismiss for Insufficiency of Service of Process – Allowed[.]" (DE 23 at 3 (emphasis added)); see also Bell I, Dec. 1, 2014, Order Granting Mot. to Dismiss, No. 14-CVS-3649, (DE 16-2 at 81) (ordering that "Plaintiff's claims for relief and this action are hereby dismissed with prejudice.") (emphasis added).

4

Moreover, summary judgment in this case rested on the separate and independent prior disposition of Bell II, which disposition also supports summary judgment on the basis of res judicata. See (DE 21 at 5 ("Plaintiff's claims in this matter are res judicata barred; therefore, the action must be dismissed. Specifically, plaintiff's claims rest upon the same factual allegations constituting the basis for Bell I **and Bell II**") (emphasis added)). Plaintiff's recent filings, do not address Bell II, and therefore cast no doubt upon this court's holding that where Bell II was decided on the merits, involved the same parties, and presented the same claims in issue here, this action is res judicata barred. See Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).

Based upon the foregoing, plaintiff has not satisfied any "of the six enumerated grounds for relief under Rule 60(b)[,]" Nat'l Credit Union, 1 F.3d at 266, but simply attempts to re-litigate issues already decided by the court. Rule 60 permits no such procedure. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995); Saunders v. City of Petersburg Police Dep't, 158 F. App'x 491, 491 (4th Cir. 2005) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court."). Accordingly, plaintiff's motion for relief from final judgment (DE 23) is DENIED.

B.  Pre-Filing Injunction

The court maintains authority under the All Writs Act, 28 U.S.C. § 1651, in exigent circumstances, to limit access to the courts by certain litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir. 2004). This remedy must be used sparingly, and access to the court should not be limited absent exigent circumstances, especially with respect to pro se plaintiffs. Id. "In determining whether a pre-filing injunction is substantively warranted," this court is required to

> weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. The court must narrowly tailor any injunction to fit the specific circumstances justifying the injunction. Id.

This court finds that the relevant circumstances in this case favor entry of a pre-filing injunction. In considering the first factor, the court notes plaintiff's lawsuits have been duplicative. Plaintiff's claims in Bell I, and II, as well as claims in issue here, relate to a 2009 forklift injury sustained during the course of employment with defendant. See id. The court notes further that all of plaintiff's cases have been finally disposed in defendant's favor. Turning to the second factor, the court finds that plaintiff's efforts were not meant to harass. Indeed, the court has no indication that plaintiff does not sincerely believe in the merit of her cases. Nevertheless, plaintiff lacks objective good faith basis to continue to pursue her litigation strategy where a plaintiff may not re-litigate claims that have been finally adjudicated. See id. As a result, turning to the third factor, this court and defendant, have been burdened by plaintiff's repetitive lawsuits. See id. Finally, looking to the fourth factor, alternative sanctions such as dismissal are inadequate where plaintiff persists in litigation despite that all three of her cases, including this one, have been finally disposed. See id.

The court also finds that the consistent pattern of lawsuits brought by plaintiff allow for a narrowly tailored pre-filing injunction. As previously noted, plaintiff's past lawsuits involved allegations relating to a 2009 forklift injury sustained during the course of employment with defendant. Accordingly, the court is considering entering a pre-filing injunction forbidding plaintiff

from filing any suit against defendant which involves claims related to, or arising out of her 2009 forklift injury, including all matters addressed in any prior North Carolina case, state or federal, without leave of court.  **Plaintiff shall have 30 days to show cause why this pre-filing injunction should not issue.  The court cautions plaintiff that further attempt to argue her underlying claims will not constitute a valid basis for the court to reconsider necessity of a pre-filing injunction.**

      SO ORDERED, this the 10th day of October, 2017.

      _____
      LOUISE W. FLANAGAN
      United States District Judge